Curia, per Johnson, Chancellor.
The Court have authorized me to express their concurrence, generally, in the circuit Court decree ; but it has been thought advisable to add something to what is said in the decree, in relation to the first ground of appeal. Divested of the circumstances of the case, it presents the naked question, whether the neglect of the holder of a negotiable note to give notice of *421 the non-payment to the first endorser, discharges a subsequent endorser, who had regular notice.
In Bailey on Bills, 228, it is laid down, that the holder is not bound to give notice of the non-payment to any of the endorsers of a bill or note, except those that he intends to charge with the payment, and no cáse book, or record, of any authority, will be found to the contrary. Byles, in his Treatise on Bills, p. 164, advises that it is safest to give notice to all the parties against whom the holder intends to proceed; for, if he merely gives notice to his immediate endorser, all the rest will be discharged, unless the notice be regularly transmitted to them. The endorser who has had notice, is bound, to give his prior endorsers notice, if he intends to look to them for indemnity, and such is the language of all the books. The cases of Johnson vs. Harth, 1. Bailey, 482, and Thompson vs. the Bank, 3 Hill. 77, are referred to as the foundation of this ground of appeal; but, on referring to them, it will be found, that the question was not involved, nor is there a dictum countenancing the position. In the first, the questions were: 1st, whether the death and insolvency of the maker of a note, dispensed with the necessity of any demand of payment; and 2d, whether notice had been given to the endorser, within the time 'lipiited by the rules of law. In the second case, the question was, whether the Bank was liable for the neglect of its Notary, to give notice to the endorser of the non-payment, by the maker of a note, deposited in Bank by the plaintiff for collection, and there is not one word said in either, as to the discharge of the endorser sued in consequence of the neglect of the holder to give notice to a previous endorser. It follows, therefore, that the complainant lost nothing by suffering judgment to go against him at the suit of the Bank. In the language of the Solicitor of the Bank, addressed to him, “he had nothing to object against it.” Appeal dismissed.
DAVID JOHNSON.